IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

SAPPHIRA CONNOR
AND
SAPPHIRA CONNOR AS
ADMINISTRATOR OF THE ESTATE
OF CLIFFORD LAWRENCE BAGLEY JR.
-PLAINTIFFS-
VS.

CIVIL ACTION FILE NO.:

3:25-cv-00057-DHB-BKE

DEMAND for
JURY TRIAL

JERMAINE WHITE, Warden of Telfair, Individually
and in his official capacity as Warden,
VERONICA STEWART, Individually and in her
Official capacity as an Employee of Telfair State Prison
WILLIAM SIKES, Individually and in his official
Capacity as an Employee of Telfair S.P.
RICKY WILCOX, Individually and in his official
Capacity as an employee of Telfair S.P.

-DEFENDANTS-

**COMPLAINT FOR WRONGFUL DEATH(amended)**

COMES NOW, the Plaintiff, the Parent of Clifford Bagley Jr. and the Administrator of his Estate, and and sues Veronica Stewart, and William Sikes, and others (in this Amended Complaint) for the Wrongful Death of former Telfair S.P. inmate Clifford Bagley Jr., and in support shows:

**INTRODUCTION**

1. Clifford Bagley Jr. (referred to as “Decedent”) was an inmate of Telfair State Prison on the day that he died which was May 28, 2023. It is believed that the Decedent was both tased and severely pepper sprayed on the day of his death. He was placed in the “hole” and bursts of pepper spray were sprayed into the opening into his cell which was poorly ventilated. Veronica Stewart

, Deputy Warden, was the one responsible for the excessive pepper spray. Plaintiff's then-attorney made several Open Records requests seeking documents (such as autopsy report, death certificate, medical records) but they were not complied with, and to this day have not been complied with. It is believed that the Decedent died from a massive heart attack or coronary incident, in combination with acute respiratory failure, that is directly traceable to the combination of the tasing and the pepper spraying. Up until the time of his death Clifford Bagley was healthy, but the high dose of pepper spray and the tasing was too much for his heart. Deliberate indifference to Decedent's rights caused his death. Owing to and reflective of their deliberate indifference, there was no medical care nor nursing care provided, and basically Clifford Bagley Jr. was left in solitary confinement to die. Excessive force was deployed and employed against Clifford Bagley Jr., a state inmate at the time of his death (that force was employed by Veronica Stewart and Wilcox and Sikes).
The ante litem notice was submitted on 12-14-2023, It claimed 1 million dollars as the full value of inmate Bagley's life, and the Estate of Clifford Bagley was claimed(alleged) to be entitled to 1 million dollars for the pain and suffering and the personal injuries he incurred in the moments and hours before his untimely demise. There was definite use of excessive force against Bagley and also the rights violated (the due process right to life, the constitutional protection against cruel and unusual punishments) were "clearly established rights" that any reasonable corrections officer would know about, honor, and respect. Concerning the Ante Litem Notice: no response was received *vis a vis* that, signaling that Defendants intend to deny any liability.

## PARTIES JURISDICTION AND VENUE

**2.** The U.S. District Court has jurisdiction since the action is based on the 8th Amendment Cruel and Unusual Punishment clause which is part of the United States Constitution and the lawsuit is also predicated on 42 U.S.C. § 1983 which confers the ability to sue in federal court when officials(state actors) are acting under color of state law and their actions violate some clearly established constitutional right of the Claimant. 28 U.S.C. § 1331. The County of the violations, Telfair County, is within the Southern District of Georgia (Dublin Division). Other jurisdictional statutes: 42 USC section 1988 (attorneys fees), 28 USC section 1331, 28 U.S.C. § 1367; Plaintiff does recognize that her suit may be barred by the 11th amendment sovereign

immunity doctrine where the State of Georgia is alleged as a Defendant; However she can sue state employees under certain circumstances, where they have committed tortious conduct while acting under color of state law.

**3.** The Defendants are prison guards , among other capacities (eg. Deputy warden, head Warden), and as such they are sued both as individuals and in their official capacity for their use of excessive force against Inmate Bagley; they can be served at the Telfair facility which is at 170 Long Bridge Road in Helena, Georgia;

**4.** The Georgia Department of Corrections could possibly be served with a Summons and Complaint by serving Tyrone Oliver, the Commissioner:

Georgia Department of Corrections
7 Martin Luther King Jr. Drive
Suite 543
Atlanta, Georgia 30334; HOWEVER,
as previously mentioned the State of Georgia is immune from suit under Sovereign Immunity so it's advisable to remove Ga. DOC as a defendant in this amended lawsuit;

5. Telfair State Prison is not amenable to a lawsuit by serving the Georgia Department of Corrections with the Complaint and Summons; the 11th Amendment immunizes Telfair S.P. from suit in these circumstances;

6. Telfair State Prison could be served by serving the Warden of the Prison who was the Warden on May 28, 2023, and that was Jermaine White; once again , however, 11th amendment immunity bars and prevents suing Telfair State Prison;

7a. Veronica Stewart, both individually, and in her official capacity (Deputy Warden) is amenable to this lawsuit, and service of it, because she has now moved to a new capacity or role as Warden of the Washington State Prison and can be served there (a known location);

7b. Jermaine White the Warden at Telfair SP is subject to a lawsuit , in his official capacity as Warden, since he allowed a culture to prevail which disregarded inmates' constitutional rights and thus he is guilty of Ratification. Not only that- he lied to Plaintiff when she tried to find out what happened to her son.

## FACTS IN SUMMARY FORM

8. Petitioner incorporates by reference all the fact averments as set out in her Introduction, as if they are fully rewritten here. Petitioner is somewhat hampered because there has been a total disregard of her Open Records

requests, wherein she sought information as to the circumstances of her son Clifford Bagley's death;

9. The combination of excessive pepper spray and excessive tasing is what killed the inmate Clifford Bagley Jr. (the individuals who employed the pepper spray were Veronica Stewart, William Sikes, and Ricky Wilcox);
10. The Defendants used excessive force in subduing Clifford Bagley Jr.;
11. The Defendants imposed cruel and unusual punishment by placing Inmate Bagley in a cell with a rival gang member (at the time they did this, Bagley was already convicted and was serving a prison sentence);
12. The Defendants denied Clifford Bagley Jr. his due process right to life that is provided and guaranteed him under the 14th amendment in the United States Constitution ( to be more precise: the due process clause forbids the taking of a life in the <u>absence</u> of Due Process);
13. The Defendants violated Clifford Bagley's 8th amendment protection against and from Cruel and Unusual Punishment by placing him in the "hole" and in isolation, after he had been convicted and sentenced to prison;
14. The Defendants (Veronica Stewart and William Sikes) sprayed pepper spray (OC spray) into a slot that opened into Clifford Bagley's isolation cell, which had poor ventilation and allowed massive amounts of pepper spray to be ingested into Inmate Clifford Bagley's system;
15. a. The OC spray ( in combination with the excessive tasing) are the two main contributing factors in the death of Clifford Bagley Jr. (please note that very little information, Open Records material, has been provided to Plaintiff notwithstanding that she submitted Open Records requests and made multiple follow up inquiries);

    15b. Transparency as to this case has been sub-par and has frustrated Plaintiff in seeking Justice in this matter;

    15c. An Antem Litem notice was timely submitted but ignored.

## <u>**COUNT 1 VIOLATION OF STATE LAW OPEN RECORDS ACT**</u>

16. Plaintiff incorporates paragraph 1 through 15c here, without their having to be rewritten here ( incorporation by reference);

17. Defendants have violated Georgia Open Records law and disregarded open records requests made by Plaintiff. OCGA § 50-18-70;

18. Plaintiff requested Autopsy Reports and Death Certificate, Offender Bagley's (the deceased's) medical records in an effort to get a handle on exactly how Offender Bagley died and why;

19. These requests were not complied with under the pretext that the documents were still under preparation and hence were not available at time of request;

20. The lack of cooperation and transparency has hindered Plaintiff in her ability to seek and obtain justice as to the death of Clifford Bagley Jr.;

## COUNT 2. 14TH AMENDMENT VIOLATION

21. Plaintiff incorporates paragraph 1 through 20 here, without their having to be re-written in their entirety ( incorporation by reference);
22. Defendants placed Inmate Bagley in the "hole" , they later claimed the reason was erratic behavior due to drug use, but this claim has not been substantiated; in the wake of this tragedy lies have been told by prison officials to avoid being held accountable;
23. Inmate Bagley was a member of the Bloods gang (this fact was known to prison officials);
24. Defendants knowingly placed inmate Bagley in the hole to share space with a member of the Crips which is a rival gang;
25. Defendants knowingly did this, realizing there was some likelihood that a fight would break out;
26. Defendants placing Inmate Bagley in the hole with a gang rival as cellmate was a Cruel and Unusual Punishment violative of the 8th amendment because at the time this was done, he was convicted and was a state inmate;
27. Jermaine White was the Warden at this time and he tacitly condoned or was deliberately indifferent to the excessive pepper spray being sprayed, by corrections officers (in particular: Veronica Stewart) on "his watch";
28. Inmate Bagley had a right to live, in the sense that his life must not be taken without being afforded Due Process (14th amendment-due process clause) and he was deprived of Due Process inasmuch as his life was taken without Due Process;

## COUNT 3. WRONGFUL DEATH UNDER STATE LAW

29. Plaintiff incorporates Paragraph 1 through 28 without their having to be rewritten here, and said Paragraphs are incorporated by Reference;
30. A parent has the legal ability (under certain circumstances) to seek justice for the wrongful death of an offspring by suing in court, in cases where the death was caused by the wrongful actions of others. OCGA section 51-4-4, OCGA Section 53-1-5, OCGA § 19-7-1;
31. Inmate Bagley's death was caused by the wrongful actions, the malicious conduct, and the deliberate indifference of those who had the responsibility to care for him, albeit he was incarcerated at the time and had been convicted of criminal offenses and was housed at Telfair State Prison;
32. Sapphira Connor (the plaintiff herein) is the mother of Inmate Bagley ( former inmate- now he is deceased) and Inmate Bagley did not have a wife nor any issue;

## COUNT 4. ATTORNEY FEES UNDER STATE LAW

33. Plaintiff incorporates paragraph 1 through 32 without need of them being rewritten here, she incorporates them by reference;
34. By not settling this case, and by withholding items to which she was entitled under Georgia Open Records Act, Defendants have acted in bad faith;
35. As a direct result, seeks expenses of litigation and reasonable attorneys fees as allowed for under O.C.G.A. § 13-6-11;

## COUNT 5. ATTORNEYS FEES UNDER FEDERAL LAW

36. Plaintiff incorporates paragraph 1 through 35 without their having to be rewritten or restated here (incorporation by reference);
37. Plaintiff cites 42 U.S.C. section 1988 as entitling her to attorneys fees under federal law, if in Court's discretion, and if she prevails;
38. Once she prevails on this action she shall be entitled to Attorneys Fees;

39. Defendants continue to deny any liability and they refuse to acknowledge the wrongfulness of their conduct in relation to Clifford Bagley Jr.;

## COUNT 6. CRUEL AND UNUSUAL PUNISHMENT UNDER THE 8TH AMENDMENT

40. Plaintiff incorporates paragraphs 1 through 39 here without their having to be rewritten and re-stated in their full particularity;
41. Defendants were state actors and they purportedly acted under Color of State Law;
42. The conditions under which Inmate Clifford Bagley Jr. was confined imposed upon inmate Bagley a Cruel and Unusual punishment inasmuch as he was sprayed with OC spray in an excessive manner(degree), by Veronica Stewart, and was subject to incarceration "in isolation" and confined and consigned to "the hole" ( and all these events occurred *after* he was convicted of felonies and sentenced to state prison);
43. Inmate Bagley was subjected to Cruel and Unusual Punishment merely by virtue of being placed in the hole, quite independent of the excessive OC dousing to which he was also subjected ( and all this occurred *after* he was convicted and sentenced to state prison);
44. Inmate Clifford Bagley Jr. was a member of the Bloods Gang and defendants, corrections officials, knowingly and intentionally placed him in the same cell as known Crips member(s), knowing that this gave rise to a high likelihood of physical confrontation between the 2 rival gang members, in which one or both combatants would be injured;
45. The events described in Paragraph 1 through 44 evidence a Deliberate Indifference to the welfare of Clifford Bagley Jr. and his right to humane conditions and humane treatment;
46. There is no entitlement to either qualified immunity nor official immunity that the Defendants might have in other circumstances: while inmate Bagley was in "the hole", in isolated confinement, he posed no threat or risk to Corrections Officials (Defendants) and yet they ( in particular: Veronica Stewart), continued to dose and douse him with OC spray, thereby proximately causing his death;
47. Official Immunity does not apply here, since the Defendants acted willfully and wantonly and with the intent to injure Inmate Bagley (they acted with Malice, in other words, as defined in state cases in Georgia);

## COUNT 7. PUNITIVE DAMAGES UNDER GEORGIA LAW AND FEDERAL LAW

48. Plaintiff incorporates paragraph 1 through 47 here, without the need to rewrite them here in their entirety and full specificity;
49. By spraying Clifford Bagley with an excessive amount of OC spray into his poorly ventilated isolation cell (the hole), and by tasing Clifford Bagley Jr., the Defendants ( in particular: Veronica Stewart) demonstrated that intentional and willful misconduct and/or that entire want of care such as will raise a presumption of conscious indifference to the consequences of their (her) actions, justifying an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1, and as authorized by Federal law under each and every count and Cause of Action leveled against the Defendants;
50. The Plaintiff , by her Pleadings herein, has demonstrated that the Defendants deployed and employed excessive force against Inmate Bagley, Jr., and exhibited Intentional and Willful Misconduct *vis a vis* Clifford Bagley Jr. and a total lack of care, creating a presumption of conscious indifference;

## COUNT 8. EXCESSIVE FORCE IN VIOLATION OF INMATE BAGLEY'S 4TH AMENDMENT CONSTITUTIONAL RIGHTS

51. The Deputy Warden, at Telfair State Prison, on the day in question ( Miss Veronica Stewart) employed an excessive amount of pepper spray against Clifford Bagley Jr. which caused his death;
52. Warden White lied about various circumstances surrounding Bagley's death (he lied to Bagley's mother Sapphira Connor);
53. Veronica Stewart employed far more force than was reasonable and this violated Bagley's 4th amendment rights which protect him from any unreasonable seizure of his body, and the force employed amounted to lethal force and an unreasonable bodily seizure;
54. Veronica Stewart killed (on best information and belief) Inmate Bagley on May 28, 2023 ( her actions make her jointly and severally liable for his death);
55. When they first took Bagley from his Dorm, William Sikes tased him ( this was a few days before his death);
56. Another corrections official (Stewart) sprayed him with OC spray and Sikes and Wilcox took Bagley to the hole.

PRAYERS FOR RELIEF

WHEREFORE, on the basis of the foregoing allegations, the Plaintiffs pray that the Court award the following Relief:

a. Special and General Damages upon each applicable count from each of the defendants, jointly and severally as described above;
b. Damages for the wrongful death of Clifford Bagley Jr.;
c. Punitive Damages upon each applicable count, from each individual who played a role in the death of inmate Clifford Bagley Jr.;
d. Attorneys Fees and costs of this litigation, to be exacted from all the culpable Defendants;
e. Damages for violation of Open Records Act;
f. Such other and further relief as the Court deems just and proper.

JURY TRIAL DEMANDED.

This 3rd day of JUNE, 2025.

Respectfully submitted:

/S/ JOHN E. MORRISON
JOHN EDWIN MORRISION
GA. BAR NO. 524278
CO-COUNSEL FOR PLAINTIFFS
115 CHURCH STREET
MT. VERNON, GEORGIA 30445
(912) 583-0070
ESQEDDY@HOTMAIL.COM

/S/ LLOYD J. MATTHEWS
GA. BAR NO. 477620
COUNSEL FOR PLAINTIFF
4978 ANSBURY PLACE, N.W.
ACWORTH, GEORGIA 30101
(404) 642-7350

LMMATTMATTHEWS@GMAIL.COM