**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

| | | |
|---|---|---|
| SAPPHIRA CONNOR, individually and as administrator of the Estate of Clifford Lawrence Bagley, Jr., | * | |
| Plaintiff, | * | |
| v. | * | CV 325-057 |
| JERMAINE WHITE, VERONICA STEWART, WILLIAM SIKES, and RICKY WILCOX, in their official and individual capacities,[1] | * | |
| Defendants. | * | |

**O R D E R**

Clifford Lawrence Bagley, Jr. was an inmate at Telfair State Prison when he died on May 28, 2023. His mother, Plaintiff Sapphira Connor, brings this wrongful death action upon her claim that Bagley's death was caused by the administration of excessive pepper spray and tasing. Defendants Veronica Stewart, William Sikes, and Ricky Wilcox, prison guards at Telfair State Prison, move to dismiss certain claims. Within this same motion, Defendant

[1] Because the Amended Complaint omits Telfair State Prison as a party defendant, the Clerk is directed to **TERMINATE** Telfair State Prison as a party in the case.

Jermaine White, the Warden of Telfair State Prison, moves to be dismissed from the case. The motion to dismiss has been fully briefed, and the matter is ripe for resolution.

## I. BACKGROUND

According to the allegations of the Amended Complaint (doc. no. 9), Inmate Bagley was purposefully placed in a cell with a known member of a rival gang. Though it is unclear when and where, the Amended Complaint implies that both pepper spray and tasers were deployed to break up a fight between the cellmates.[2] Presumably as a result of this fight, Inmate Bagley was placed in segregation (referred to as "the hole" in the amended complaint) on the day of his death. While in this "poorly ventilated" cell, Defendants Stewart, Sikes and Wilcox sprayed pepper spray through the flap of the cell door. Plaintiff describes the amount of pepper spray as "excessive," "massive," and "dousing." Plaintiff claims that the pepper spray in combination with the tasing led to Inmate Bagley's death from "a massive heart attack or coronary incident, in combination with acute respiratory failure." Plaintiff complains that she cannot be certain of the facts and cause of death because Telfair State Prison has steadfastly refused

[2] Plaintiff repeatedly refers to the presence of a rival gang member, the likelihood of physical confrontation, and the need to subdue Inmate Bagley.

to comply with her Open Records Act requests for documents related to the incident such as an autopsy report, death certificate, and medical records.

Based upon these allegations, Plaintiff sets forth the following causes of action against all four Defendants. Count One claims a violation of the Georgia Open Records Act. Count Two claims Inmate Bagley was deprived of his due process rights under the Fourteenth Amendment. Count Three is a wrongful death claim under Georgia state law. Counts Four and Five are claims for attorney's fees under state law and federal law, respectively. Count Six claims Inmate Bagley was subjected to cruel and unusual punishment under the Eighth Amendment. Count Seven is a claim for punitive damages under both state and federal law. Finally, Count Eight is a claim of excessive force used against Inmate Bagley in violation of his Fourth Amendment rights.

Through the motion to dismiss, Defendant White, the Warden, claims that Plaintiff has failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The other three Defendants, Stewart, Sikes and Wilcox, move to dismiss all state law claims, specifically the Georgia Open Records Act, the state wrongful death claim, and the state law claims for punitive damages and attorney's fees. They also seek to dismiss Count Two (due process) and Count Eight (excessive force) because

the case should travel only under the Eighth Amendment for violation of the Cruel and Unusual Punishment Clause.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court has provided additional guidance to the Rule 8(a) analysis in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pursuant to the Twombly/Iqbal paradigm, to survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). In ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true. Id. This same tenet is not applicable to legal conclusions however. Id. at 678, 680.

For a claim for relief to be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." Id. at 679. That is, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id. at 678. A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Finally, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Exec. 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991)).

## III. LEGAL ANALYSIS

### A. Open Records Act Claim

Defendants contend that the Eleventh Amendment bars Plaintiff's claim under the Georgia Open Records Act in Count One. The Court concurs.

The Eleventh Amendment bars suit in federal court by private citizens against States and arms of the State absent a waiver of immunity by the State. Pennhurst State School & Hosp. v.

Halderman, 465 U.S. 89, 100 (1984) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as citizens of another [S]tate."); Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) ("The Eleventh Amendment bars suits against the State in federal court unless the state consents or waives its immunity."). Eleventh Amendment immunity extends to suits for monetary damages against officers or employees of the State or its agencies in their official capacities. Edelman v. Jordan, 415 U.S. 651 (1974). The Georgia Constitution likewise extends sovereign immunity to Georgia's departments and agencies and explicitly provides that this immunity can only be waived by an act of the Georgia legislature. Ga. Const. of 1983, art. 1, § II, ¶ IX(e). The Georgia Constitution further provides that any waiver of immunity by the State shall not be construed as a waiver of Eleventh Amendment immunity. Id. ¶ IX(f). As employees of a state entity to which sovereign immunity extends, any claim against Defendants in this case is barred unless expressly waived.

The Georgia Open Records Act provides a limited waiver of sovereign immunity in that it allows suit to be brought in the Superior Courts of Georgia. See O.C.G.A. § 50-18-73(a). This waiver, however, does not constitute a waiver of suit in federal court. See Crisman v. Fla. Atl. Univ. Bd. of Trustees, 572 F. App'x 946, 947-48 (11th Cir. 2014) (providing that a state does not

waive its Eleventh Amendment immunity to suit in federal court by consenting to suit in its own courts). Because the Open Records Act has not waived immunity for suits brought in federal court, Plaintiff's claim thereunder in Count One is barred by the Eleventh Amendment.[3]

In response, Plaintiff mentions the exception to Eleventh Amendment immunity recognized in Ex parte Young, 209 U.S. 123 (1908). However, in order for a case to proceed under Ex parte Young, a plaintiff must sue a state officer that enforces the statute in question. See, e.g., Claire v. Fla. Dep't of Mgmt. Servs., 504 F. Supp. 3d 1328, 1333-34 (N.D. Fla. 2020). Here, Plaintiff has alleged no facts that would support the conclusion that any named Defendant has some connection to or responsibility for the enforcement of the Georgia Open Records Act. Accordingly, this exception does not apply.

**B. Wrongful Death Claim**

Plaintiff's wrongful death claim is similarly subject to dismissal under the Eleventh Amendment. As stated, employees of the State of Georgia are immune from suit in federal court unless there is an express waiver of immunity. The Georgia Legislature

[3] A claim barred by the Eleventh Amendment is subject to dismissal under Federal Rule of Civil Procedure 12(b)(1) for want of subject matter jurisdiction.

enacted the Georgia Tort Claims Act ("GTCA") in 1992 as a waiver of the state's sovereign immunity for various tort claims. O.C.G.A. § 50-21-20 *et seq.* However, the GTCA expressly provides that the waiver of sovereign immunity does not apply to state law tort actions *in federal court.* O.C.G.A. § 50-21-23(b) ("The state waives its sovereign immunity only to the extent and in the manner provided in [the GTCA] and only with respect to actions brought in the courts of the State of Georgia."); see also Robinson v. Ga. Dep't of Transp., 966 F.2d 637, 640 (11th Cir. 1992) (holding that Georgia's waiver of sovereign immunity in state courts does not waive its Eleventh Amendment immunity).

Moreover, the GTCA provides thirteen exceptions that limit the waiver of sovereign immunity, including liability caused by assault and battery. See O.C.G.A. § 50-21-24(7).[4] Thus, there is no waiver of sovereign immunity for Plaintiff's wrongful death claim arising out of the assault and battery of the decedent.

[4] Specifically, the GTCA provides: "The state shall have no liability for **losses** resulting from . . . (7) Assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, or interference with contractual rights." O.C.G.A. § 50-21-24(7) (emphasis added). "Thus, where a loss results from assault or battery, there is no waiver of sovereign immunity, even though 'a private individual or entity would be liable under like circumstances.'" Dep't of Human Resources v. Coley, 544 S.E.2d 165, 167 (Ga. Ct. App. 2000) (quoting O.C.G.A. § 50-21-23(a)).

Upon the foregoing, Plaintiff's wrongful death claim (Count Three) and the derivative state law claims for punitive damages and attorney's fees (Counts Four and Seven) are dismissed.[5]

**C. Federal Claims**

42 U.S.C. § 1983 creates a private right of action for the deprivation of federal rights by persons acting under color of state law. Based upon the alleged excessive pepper spray and tasing, Plaintiff alleges that Defendants violated Inmate Bagley's Eighth Amendment right to be free from cruel and unusual punishment (Count Six). Upon these same allegations, Plaintiff asserts that Inmate Bagley's right to due process under the Fourteenth Amendment and his right to be free of unreasonable seizure under the Fourth Amendment have been violated (Counts Eight and Two, respectively).

It must first be noted that Congress did not override the immunity guaranteed to the states by the Eleventh Amendment in enacting § 1983. Quern v. Jordan, 440 U.S. 332, 341 (1979); Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986). And, a suit against state government employees in their official capacities is treated as a suit against the state. Hafer v. Melo, 502 U.S. 21, 25 (1991); Gamble v. Fla. Dep't of Health & Rehab. Servs., 779

[5] Notably, the GTCA expressly precludes an award for punitive damages. O.C.G.A. § 50-21-30.

F.2d 1509, 1512 (11th Cir. 1986). Thus, Plaintiff's federal claims under § 1983 against Defendants in their official capacities must be dismissed. The Eleventh Amendment does not bar, however, federal lawsuits against state officers in their individual capacities.

While Plaintiff's § 1983 claims against Defendants in their individual capacities withstand Eleventh Amendment immunity, the Court must dismiss her claims under the Fourth and Fourteenth Amendments. In assessing a claim under § 1983, the specific constitutional right allegedly infringed must be identified. Graham v. Connor, 490 U.S. 386, 394 (1989) (stating that the validity of a § 1983 claim must be judged "by reference to the specific constitutional standard which governs that right, rather than to some generalized 'excessive force' standard"). It is well-settled that the right of a *convicted prisoner* to be free from excessive force is governed by the constitutional protection of the Eighth Amendment's prohibition of cruel and unusual punishment. See, e.g., Whitley v. Albers, 475 U.S. 312 (1986) (evaluating use of force during a prison riot in the context of a convicted prisoner's Eighth Amendment rights); Cottrell v. Caldwell, 85 F.3d 1480 (11th Cir. 1996) (stating that claims involving the mistreatment of convicted prisoners are governed by the Eighth Amendment, not the Fourteenth Amendment). Accordingly,

Plaintiff's claims under the Fourth and Fourteenth Amendments (Counts Two and Eight) are dismissed.

## D. Claims Against Warden Jermaine White

Defendant White moves to dismiss claims against him, contending that Plaintiff has failed to allege sufficient facts to support a claim of constitutional deprivation against him. "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). Plaintiff does not allege that Defendant White was personally involved in the incident of May 28, 2023. As the Eleventh Circuit recently iterated, "[w]ithout personal participation in a constitutional violation, a supervisor is liable only if the plaintiff can show that the supervising official's actions caused the alleged constitutional deprivation." Bridges v. Poe, --- F.4th ---, 2025 WL 2942888, at *7 (11th Cir. Oct. 17, 2025). One way to do that is to show that a supervisor's "longstanding and widespread" custom or policy caused the constitutional injury. Plaintiff does not so allege. The allegations pertaining to Defendant White are: (1) Jermaine White "allowed a culture to prevail which disregarded

inmates' constitutional rights and thus he is guilty of Ratification," and (2) Jermaine White "tacitly condoned or was deliberately indifferent to the excessive pepper spray being sprayed . . . on 'his watch.'"[6] The singular reference to a "culture" is simply too vague and amorphous to demonstrate that Defendant White implemented an unconstitutional custom or policy or was subjectively aware of any widespread unconstitutional conduct. In fact, Plaintiff does not specifically define the "culture" that allegedly existed. Simply put, Plaintiff has not sufficiently pled facts to establish the necessary causal connection between Defendant White and the alleged unconstitutional conduct of the prison guards. For this reason, Defendant White is dismissed from the case for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

Upon the foregoing, Defendants' motion to dismiss Plaintiff's amended complaint (doc. no. 13) is **GRANTED** as follows. Plaintiff's state law claims are dismissed. Plaintiff's federal claims under 42 U.S.C. § 1983 based upon the Fourth and Fourteenth Amendments

[6] "Tacit" actions or conduct of a supervisor cannot meet the "extremely rigorous" standard (Bridges, 2025 WL 2942888, at *7) for holding a supervisor liable for the conduct of his subordinates because such conduct by definition is often silent, unspoken, unexpressed, or implied.

are dismissed. Plaintiff's claims against Defendant Jermaine White are dismissed in their entirety, and her claims against Defendants Veronica Stewart, William Sikes, and Ricky Wilcox in their official capacities are dismissed.

The case will proceed against Defendants Stewart, Sikes, and Wilcox on Plaintiff's § 1983 claim for violation of the Eighth Amendment. As directed by the United States Magistrate Judge in the Order of Stay (doc. no. 22), the parties shall confer and submit a Rule 26(f) Report with proposed case deadlines within seven days hereof.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of November, 2025.

UNITED STATES DISTRICT JUDGE