IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

SAPPHIRA CONNOR, individually          *
and as administrator of the            *
Estate of Clifford Lawrence            *
Bagley, Jr.,                           *
                                       *
        Plaintiff,                     *       CV   325-057
                                       *
    v.                                 *
                                       *
VERONICA STEWART, WILLIAM SIKES,       *
and RICKY WILCOX,                      *
                                       *
        Defendants.                    *

_____

O R D E R

_____

Following the Court's Order of November 12, 2025, granting in part Defendants' motion to dismiss Plaintiff Sapphira Connor's first amended complaint, the United States Magistrate Judge issued a Scheduling Order that set January 12, 2026, as the last day to file motions to amend or to add parties.  (See Order of Nov. 25, 2025, Doc. No. 28.)

On May 24, 2026, over four months past the deadline, Plaintiff filed a motion to amend the first amended complaint to add two new correctional officer defendants.[1]  Plaintiff claimed that she had only recently learned that these new defendants were actually

_____

[1] Plaintiff attempted to add another new defendant through her reply brief on the motion to amend.

responsible for the alleged tasing and pepper spraying of her decedent. On July 15, 2026, the United States Magistrate Judge denied the motion to amend as untimely and futile in a well-reasoned and amply supported thirteen-page Order. (See Doc. No. 46.) At present, Plaintiff has filed a "Motion to Certify an Interlocutory Appeal" to the Eleventh Circuit Court of Appeals.

The certification statute of 28 U.S.C. § 1292(b) sets a high threshold for certification to prevent piecemeal appeals. In order to grant a petition for interlocutory appeal, there must be "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). According to the Eleventh Circuit, "[t]he antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004).

In this case, Plaintiff questions the Magistrate Judge's determination that she was not diligent in discovering the alleged bad actors in the Telfair State Prison. She details her *factual* efforts in filing Georgia Open Records requests, in pursuing the deposition of an inmate witness, and in issuing subpoenas. Plaintiff does not, however, identify a controlling question of law upon which reasonable minds may differ. In point of fact, the

2

law governing the discretionary decision of whether to grant or deny a motion to amend the complaint is well-settled and factually dependent. Accordingly, Plaintiff has not demonstrated that an interlocutory appeal should be certified.

Upon the foregoing, Plaintiff's "Motion to Certify an Interlocutory Appeal" (doc. no. 48) is **DENIED**. The Clerk is directed to **TERMINATE AS MOOT** Plaintiff's "Motion to File Sur-Reply" (doc. no. 50).[2]

**ORDER ENTERED** at Augusta, Georgia, this 29th day of July, 2026.

_____
UNITED STATES DISTRICT JUDGE

---

[2]  The Motion to File Sur-Reply is misguided in that Plaintiff's brief in further support of her motion would be a "Reply Brief," which is authorized by the Local Rules upon filing an immediate notice of intent to file a reply brief. See Loc. R. 706, S.D. Ga. Nevertheless, the Court read and considered the "Sur-Reply" and the attachments thereto, none of which alter the analysis on whether an interlocutory appeal is warranted.